UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, | Civil Action No.: 6:17-cv-02388-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Sheriff Lewis, Robert Joseph Perry, Mayor Knox White, and J U Kalu, | |
| Defendants. | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 8 & 10.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

to which specific objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state pretrial detainee being held at the Greenville County Detention Center, has filed this § 1983 action against the sheriff of Greenville County (defendant Lewis), the mayor of Greenville (defendant Knox White), and two Greenville County investigators (defendants Robert Joseph Perry and J U Kalu). *See* ECF No. 1. The Magistrate Judge has reviewed Plaintiff's complaint, as well as public records,[3] and determined that Plaintiff seems to allege he was charged with threatening the life of a public official in retaliation for the lawsuits he has filed.[4] *See* R & R at pp. 1–2 (citing ECF No. 1 at

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff is a pretrial detainee being held on various pending criminal charges, including threatening the life of a public official—the charge at issue here. *See* Inmate Search, https://app.greenvillecounty.org/inmate_search.htm (last visited Nov. 20, 2017); Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last visited Nov. 20, 2017). As did the Magistrate Judge, the Court takes judicial notice of these public records. *See generally Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'"). Plaintiff also acknowledges this **pending** criminal charge in his objections. *See* ECF No. 10 at p. 1.

[4] Plaintiff has filed numerous cases in this Court over the past year. *See, e.g.*, Civ. Nos. 6:17-3046; 6:17-2846; 6:17-2832; 6:17-2388, 6:17-2387, 6:17-2190, 6:17-2136, 6:17-1229; 6:17-1208; 6:17-972; 6:17-767; 6:17-766; 6:17-765; 6:16-4002 (D.S.C.). He has named Robert Joseph Perry as a defendant in at least three of these cases. *See, e.g.*, Civ. Nos. 6:17-2388; 6:17-2136; 6:17-765.

2

pp. 5–6, 9). That criminal charge is pending in state court. *See* Footnote 3, *supra.* The Magistrate Judge recommends summarily dismissing this action because (1) Plaintiff fails to allege the second element of a First Amendment retaliation claim;[5] (2) regarding any claim for false arrest, public records indicate there exists a valid indictment for the charge of threatening the life of a public official; and (3) Plaintiff fails to provide any specific factual allegations against Defendants White and Lewis to establish personal or supervisory liability against them. R & R at pp. 3–5.

Although Plaintiff lodges several objections to the R & R,[6] *see* ECF No. 10, the Court finds Plaintiff's claims fail not only for the reasons set forth in the R & R but also for an additional reason not discussed in the R & R—namely, that this Court should abstain from hearing this action pursuant to the *Younger*[7] abstention doctrine. The Court finds *Younger* abstention is appropriate because (1) Plaintiff is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (addressing the appropriate grounds for *Younger* abstention); *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria). By alleging (in his complaint and objections) that Defendants Perry and Kalu violated his First Amendment rights by criminally charging him (with threatening the life of a public

---

[5] To state a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must allege (1) he engaged in protected First Amendment activity, **(2) the defendant took some action that adversely affected his First Amendment rights**, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

[6] In his objections, Plaintiff rehashes and supplements the allegations in his complaint, and he cites various cases that he apparently believes allow him to pursue claims against the named defendants. *See* ECF No. 10. Plaintiff also indicates he is attempting to assert a municipal liability claim, *see id.* at pp. 1–2, but he has not named a municipality as a defendant. However, even with such new factual allegations, Plaintiff's complaint would still fail for the reasons discussed in the R & R as well as the *Younger* abstention principle discussed in this Order.

[7] *Younger v. Harris*, 401 U.S. 37 (1971).

official) in retaliation for his lawsuits, and that Defendants Lewis and White condoned this activity, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter. He is also seeking such intervention by asking the Court to "dismiss all charges" and to "clean [his] arrest record." ECF No. 10 at p. 3. *See, e.g.*, *Bradley v. Salisbury Police Dep't*, 2013 WL 6592489 (D. Md. Dec. 13, 2013) (summarily dismissing a complaint "requesting punitive, monetary, and injunctive, declaratory relief" based on *Younger* abstention where the plaintiff was involved in ongoing state criminal proceedings), *aff'd*, 562 F. App'x 166 (4th Cir. 2014) ("[W]e affirm for the reasons stated by the district court.").

Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's objections.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No. 8] *as modified herein*, and **DISMISSES** this action *without prejudice and without issuance and service of process*.[8] **IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
December 4, 2017  R. Bryan Harwell
 United States District Judge

---

[8] In the Court's view, Plaintiff cannot cure the defects in his complaint by amending it because the *Younger* doctrine's application to his claims requires abstention at this time. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.

4